ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeal of -- )
)
H2L1-CSC, JV )    ASBCA No. 61404
)
Under Contract No. W912QR-14-D-0012 )

APPEARANCE FOR THE APPELLANT:     Bernard Mandel, Esq.
                                  Cleveland, OH

APPEARANCES FOR THE GOVERNMENT:   Michael B. Goodman, Esq.
                                   Engineer Chief Trial Attorney
                                  Jennifer M. Payton, Esq.
                                   Engineer Trial Attorney
                                   U.S. Army Engineer District, Louisville

## OPINION BY ADMINISTRATIVE JUDGE PAUL ON JURISDICTION

This is an appeal of a contracting officer's (CO's) decision denying appellant H2L1-CSC, JV's (HCJ's) purported claim. On 1 February 2018, the Board's recorder, *sua sponte*, directed the parties to brief the issue of the Board's jurisdiction. Specifically, he noted that appellant had requested telephonically–but not in writing–that its request for an equitable adjustment (REA) be treated as a claim under the Contract Disputes Act (CDA), 41 U.S.C. §§ 7101-7109. The parties subsequently briefed the issue. Because the Board lacks jurisdiction we dismiss the appeal.

## FINDINGS OF FACTS*

On 15 April 2014, the U.S. Army Corps of Engineers (Corps) entered into Contract No. W912QR-14-D-0012 with HCJ. This was an indefinite-delivery, indefinite-quantity type contract utilizing firm-fixed-price task orders for design/build construction, and incidental service projects within the Louisville District. (R4, tab 1 at 2, 5) Appellant was awarded a task order under the contract on 30 September 2014 for construction services required to repair the roofs of two buildings at Westover Air Reserve Base, Massachusetts (R4, tab 3, *passim*).

On 28 March 2017, appellant filed an REA, denominated as such, for removal, disposal, and replacement of existing gutters at the building. The amount of the request was $225,472.01. (R4, tab 16 at 1) On 3 April 2017, Mr. Wesley Barber, the

---

* We cite these facts solely for purposes of resolving the jurisdictional issue.

administrative contracting officer (ACO), issued a decision denying appellant's request in its entirety. He concluded by stating: "You have the right to submit a claim requesting Contracting Officer Final Decision per the Disputes Clause at FAR 52.233-1." (R4, tab 17 at 1, 4) Instead of filing a claim with the requisite language, Mr. Latham Gray, appellant's director, forwarded a response to the ACO's decision on 4 May 2017, in which he concluded: "The REA is justified, the directive to install new gutters and downspouts was not in the scope of work" (R4, tab 18 at 7).

Appellant did not submit any additional, written materials to the CO to support its REA; however, it apparently did state telephonically that it "wish[ed] the REA to be treated as a claim (R4, tab 1 at 1). On 16 August 2017, the CO, Mr. Chris Brackett, issued a final decision in which he stated initially: "Your attention is directed to your March 28, 2017 request for an equitable adjustment for removing and replacing existing gutters. Your request, which does not explicitly seek a Contracting Officer's Decision was initially treated as an REA, as per your letter." Citing appellant's telephonic request that its REA be treated as a cognizable claim under the CDA, Mr. Brackett proceeded to deny the "claim" and to inform appellant of its appeal rights. (*Id.* at 1, 4) This appeal followed.

## DECISION

The CDA provides that each "claim by a contractor against the Federal Government relating to a contract shall be submitted to the contracting officer for a decision." 41 U.S.C. § 7103(a)(1). The linchpin of the Board's jurisdiction over a contractor claim is the contractor's submission of a proper claim to the CO for a decision. *Air Services, Inc.*, ASBCA No. 59843, 15-1 BCA ¶ 36,146 at 176,424 (citing *Puget Sound Environmental Corp.*, ASBCA Nos. 58827, 58828, 14-1 BCA ¶ 35,585 at 174,371; *MACH II*, ASBCA No. 56630, 10-1 BCA ¶ 34,357 at 169,673).

Although the CDA does not define the term "claim," the FAR defines a "claim" as "a written demand or written assertion by one of the contracting parties seeking, as a matter of right, the payment of money in a sum certain, the adjustment or interpretation of contract terms, or other relief arising under or relating to the contract." FAR 2.101. A claim exceeding $100,000 must be certified in accordance with 41 U.S.C. § 7103(b). We determine whether a contractor's submission is a CDA claim on a case-by-case basis, applying a common sense analysis. *CCIE & Co.*, ASBCA Nos. 58355, 59008, 14-1 BCA ¶ 35,700 at 174,816; *Precision Standard, Inc.*, ASBCA No. 55865, 11-1 BCA ¶ 34,669 at 170,787. For the Board to have jurisdiction under the CDA, the contractor must submit a proper claim, an element of which is a request for a CO's final decision. *See M. Maropakis Carpentry, Inc. v. United States*, 609 F.3d 1323, 1328 (Fed. Cir. 2010); *Zafer Taahhut Insaat ve Ticaret A.S.*, ASBCA No. 56770, 11-2 BCA ¶ 34,841 at 171,392, *aff'd on recon.*, 12-1 BCA ¶ 34,951.

2

However, that request for a final decision, like the totality of a claim submission, must be in writing and the CO cannot waive this requirement by issuing a final decision. *Checker Moving*, ASBCA No. 32654, 87-1 BCA ¶ 19,357. Here, the CO's decision of 16 August 2017 was not issued in response to a written claim by appellant and thus there is no CO decision from which an appeal could be taken to the Board. Without such decision, we have no jurisdiction. *Checker*, 87-1 BCA ¶ 19,357 at 97, 905-06.

## CONCLUSION

The appeal is dismissed.

Dated: June 14, 2018

MICHAEL T. PAUL
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

OWEN C. WILSON
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 61404, Appeal of H2L1-CSC, JV, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals
